**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as Wal-Mart Stores, Inc.)*

| | |
|---|---|
| Mark Carr,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Wal-Mart Stores, Inc.; Jane & John Does (1-10), said names being fictitious; ABC Companies (1-10) said names being fictitious;<br><br>　　　　　Defendants. | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP ("Wal-Mart Stores East" and incorrectly named as Wal-Mart Stores, Inc.), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, based upon the following:

1.　On or about June 8, 2018, Plaintiff Mark Carr ("Plaintiff") commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, entitled Mark Carr vs. Wal-Mart Stores, Inc.; Jane & John Does (1-10), said named being fictitious; ABC Companies (1-10) said names being fictitious, Docket No. MON-L-2064-18 ("Complaint").

2.　On June 12, 2018, the Summons, Complaint (with discovery requests), and Civil Case Information Statement were served on Wal-Mart Stores East.

3.   June 12, 2018 was the first date on which Wal-Mart Stores East received copies of the Summons and Complaint through service or otherwise.

4.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint (with discovery requests), and Civil Case Information Statement, which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit A.

5.   This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

6.   Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing in Neptune, New Jersey.

7.   Wal-Mart Stores East is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart Stores East is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and parent company of Wal-Mart Stores East, LLC is Walmart Inc., previously known as Wal-Mart Stores, Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

8. Neither Wal-Mart Stores East nor Walmart Inc. (nor Wal-Mart Stores, Inc.) is a citizen of the State of New Jersey.

9. Diversity of citizenship existed among the parties when the Complaint was filed on or about June 8, 2018. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

10. The Complaint alleges that on October 27, 2016, Plaintiff was a business invitee who was shopping at the Walmart store located on Route 66 in Neptune, New Jersey, when he slipped and fell as a result of a substance on the floor, causing him to sustain injuries. Complaint, First Count ¶¶ 1, 2. The Complaint further alleges that defendants were negligent in failing to properly inspect and maintain the floors of the store, which resulted in a hazardous and dangerous condition. *Id.* ¶ 3. The Complaint goes on to allege that as a direct and proximate result of defendants' negligence, Plaintiff "was caused to sustain severe and diverse personal injuries for which he has incurred and will continue to incur medical expenses; loss of income; pain and suffering, discomfort, inconvenience, emotional distress, disabilities and restrictions on his normal daily activities; loss of quality and enjoyment of life's pleasures, and such further damages as will be proven at time of trial." *Id.* ¶ 4.

11. The Complaint does not explain the nature of Plaintiff's alleged injuries, nor is the amount in controversy discernible from the language in the Complaint.

12. On June 21, 2018, Wal-Mart Stores East's counsel's office sent a letter to John G. Mennie, Esq., who is Plaintiff's counsel, via email and telecopier requesting that Plaintiff stipulate that his damages do not exceed $75,000, exclusive of interests and costs. That letter included a stipulation (the "Stipulation") that Plaintiff's counsel was asked to sign, indicating that Plaintiff's damages do not exceed $75,000, exclusive of interest and costs, and that the maximum damages Plaintiff may recover from defendants at trial or in judgment, arising out of the incident alleged in

the Complaint, is $75,000. The letter further indicated that "[t]he purpose of this request is to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties." Finally, the letter asked Plaintiff's counsel to sign and return the Stipulation or "advise…in writing that plaintiff is unwilling to stipulate that her [sic] damages do not exceed $75,000, exclusive of interest and costs."

13. Since sending the letter on June 21, 2018, defense counsel followed-up with Mr. Mennie. On July 6, 2018, Mr. Mennie sent an email in which he indicated that although "the verdict potential exceeds the 75 as he had knee surgery," he still needed to discuss the proposed Stipulation with the plaintiff. On July 14, 2018, Mr. Mennie emailed defense counsel indicating that he was trying to reach his client regarding the Stipulation. Thus, by mid-July, defense counsel still did not know Plaintiff's position regarding the Stipulation – a position which would determine whether the case was removable to federal court.

14. On July 17, 2018, Mr. Mennie emailed defense counsel in which he advised for the first time that he could not stipulate to a $75,000 cap, due to Plaintiff's knee surgery and his having "permanent residuals."

15. July 17, 2018 was the first day on which Wal-Mart Stores East received a response from which it ascertained that this matter is removable to Federal Court. Pursuant to 28 U.S.C. § 1446(b)(3) and *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585 (D.N.J. 2016), this Notice is being filed with this Court within thirty (30) days of Wal-Mart Stores East's first receipt "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. While Wal-Mart Stores East denies all liability to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the representations of Plaintiff's counsel concerning the Plaintiff's injuries and his surgery,

- 4 -

Plaintiff's counsel's refusal to stipulate that Plaintiff's damages do not exceed $75,000.00, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

17. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Monmouth County, and is being served upon Plaintiff.

19. In filing this Notice of Removal, Wal-Mart Stores East does not waive any defects in service of process, venue or personal jurisdiction.

20. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP
Attorneys for Defendant Wal-Mart Stores East, LP
(incorrectly named as Wal-Mart Stores, Inc.)

By: _____
David H. Ganz

Dated: July 30, 2018

- 6 -

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                        SCHOEMAN UPDIKE KAUFMAN
                                        & GERBER LLP
                                        Attorneys for Defendant Wal-Mart Stores East, LP
                                        (incorrectly named as Wal-Mart Stores, Inc.)

                                        By: _____
                                              David H. Ganz

Dated: July 30, 2018

- 7 -

## CERTIFICATION OF SERVICE

I hereby certify that on July 30, 2018, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

> John G. Mennie, Esq.
> Schibell & Mennie, L.L.C.
> 1806 Highway 35 South
> P.O. Box 2237
> Ocean, New Jersey 07712
> Attorneys for Plaintiff

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
David H. Ganz

Dated: July 30, 2018